UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **MARIA STEFANIAS D/B/A COURT HOUSE CAFÉ, L.L.C., ON HER BEHALF, AS WELL AS OTHERS SIMILARLY SITUATED** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-1442** |
| **CERTAIN UNDERWRITERS AT LLOYD'S LONDON ET AL.** | **SECTION: "S" (1)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the motion of Maria Stefanias, d/b/a Courthouse Cafe, L.L.C., to remand the case to the 24th Judicial District Court, Parish of jefferson, State of Louisiana, is **DENIED**.  (Document #8.)

### I. BACKGROUND

Maria Stefanias, d/b/a Courthouse Café, L.L.C. purchased commercial property insurance through Burghardt Insurance, Inc. and John W. Fisk Company.  Certain Underwriters at Lloyd's London (Underwriters), a surplus lines insurer, issued Certificate No. 64798, effective February 23, 2005.  Stefanias' property was damaged by Hurricanes Katrina and Rita, and Stefanias notified Underwriters of her claim in September 2005.  Underwriters' representative adjusted the

claim in October 2005, but did not pay the claim. On March 27, 2006, Stefanias sought legal counsel, but was still unable to elicit a response from Underwriters.

Stefanias filed suit on behalf of herself and others similarly situated,[1] in the 24th Judicial District Court, Parish of Jefferson, on July 17, 2006, alleging that Underwriters[2] breached its affirmative duty to adjust her claim fairly, in violation of La. Rev. Stat. 22:658 and 22:1220. Stefanias alleges that she has incurred loss of business and additional damages to her building because she did not have the funds to make repairs. Stefanias seeks statutory penalties, costs, and attorney's fees.

Underwriters[3] removed the case to federal court based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Stefanias filed a motion to remand the case to state court.

## II. DISCUSSION

---

[1] Stefanias filed a motion to certify the class action in state court pursuant to Louisiana Code of Civil Procedure art. 591 *et seq*. Underwriters filed a motion to strike because the motion was filed untimely. On February 27, 2007, the state court denied the motion to strike. Underwriters filed a motion for a new trial, which was not heard in state court and is set for oral argument in this court on May 30, 2007.

[2] Stefanias also named as defendants Burghardt Insurance, Inc.and John W. Fish Company. These defendants were dismissed on March 1, 2007.

[3] Underwriters' citizenship is determined by the "Names," which are investors who subscribe to the syndicates that subscribe to a particular policy and hope to share in the underwriting profits generated by the syndicates' placement of business. See McAuslin v. Grinnell, 2000 WL 1059850 at *2-5 (E.D. La. 2000) (unpublished) (discussing the structure of Lloyd's underwriting community, and holding that each "Name" must be diverse). The defendants assert that the syndicates subscribing to Stefanias' policy are comprised of "Names" that are not citizens of Louisiana, and Stefanias has not presented evidence to the contrary.

### A.  Amount in controversy

Stefanias contends that the jurisdictional amount is not satisfied.  She argues that she has not alleged in the pleadings that the amount in controversy exceeds $75,000; and contrary to the defendant's assertion, she has not made a settlement demand for $100,000.  Underwriters contends that it is apparent from the face of the petition that the amount in controversy exceeds $75,000 because Stefanias seeks compensatory and punitive damages, including penalties, and attorney's fees for the entire class.

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in relevant part:  "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  "District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is diversity between all parties."  Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999) (citing 28 U.S.C. § 1332).  Because Louisiana prohibits Stefanias from stating the amount of damages in her petition, Underwriters must establish the jurisdictional amount by a preponderance of the evidence.  See Louque v. Allstate Ins. Co., 314 F.3d 776, 779 (5th Cir. 2002).   In determining the amount in controversy to establish diversity jurisdiction, the court does not pre-try the sufficiency of the complaint.  Id. at 782.  "Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which [plaintiff] could actually recover."  Id. (internal quotation and citation omitted).

The court finds that it appears from the face of the petition that Stefanias states a claim exceeding $75,000.  Article 595 of the Louisiana Code of Civil Procedure provides for an award

of attorney's fees to the class representative:

> The court may allow the representative parties their reasonable expenses of litigation, including attorney's fees, when as a result of the class action a fund is made available, or a recovery or compromise is had which is beneficial, to the class.

"[B]ecause art. 595 gives a court discretion to award attorney's fees to a class representative as 'expenses of litigation,' such fees are includable in a jurisdictional amount determination for diversity purposes regardless of the existence of separate statutory authorization of attorneys fees." Louque v. Allstate Ins. Co., 314 F.3d at 779. Stefanias also seeks attorney's fees and penalties under La. Rev. Stat. 22:658[4] and 22:1220.[5] Although only La. Rev. Stat. 22:658 mandates attorney's fees, both statutes have been held to sustain an attorney's fee award where an insurer's bad faith refusal to settle led to an excess judgment. Id. at 780-81. If Stefanias

---

[4] La. Rev. Stat. 22:658 provides in pertinent part:
(A)(1)  All insurers . . . shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.
. . . .
(B)(1)  Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor . . . when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty . . . together with all reasonable attorney fees for the prosecution and collection of such loss.

[5] La. Rev. Stat. 22:1220 provides:
(A) An insurer . . . owes to his insured a duty of good faith and fair dealing.  The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both.
. . . .
(C) In addition to any general or special damages . . . for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater.

obtains a successful result on the merits of her claim, she may be able to recover attorney's fees, as well as penalties, exceeding $75,000. Accordingly, Underwriters has established that the threshold jurisdictional amount is satisfied, and the court has jurisdiction over Stefanias' claim. The motion to remand for lack of subject matter jurisdiction is denied.

**B. Timely notice of removal**

Stefanias contends that Underwriters did not file a timely notice of removal. Stefanias argues that the case became removable on January 16, 2007, when Burghardt Insurance, Inc. and John W. Fisk Company filed a motion for summary judgment asserting that they had breached no duty to Stefanias.

> 28 U.S.C. § 1446(b) provides:
>
> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

The claims against Burghardt Insurance, Inc. and John W. Fisk Company were dismissed on March 1, 2007, when the state court granted their motion for summary judgment. The case became removable under § 1332 because Burghardt Insurance, Inc. and John W. Fisk Company were the only non-diverse defendants. Underwriters removed the case on March 26, 2007,

within 30 days of ascertaining that the case had become removable.   Moreover, Underwriters removed the case within the one-year restriction applicable to case removed under § 1332 because Stefanias filed her original petition on July 17, 2006.  The motion to remand based on an untimely removal is denied.

## C.  Waiver of right of removal

Stefanias contends that Underwriters waived its right of removal by litigating the matter in state court, answering her pleadings, raising affirmative defenses, and removing the matter two days before it was set for a class certification hearing.  Stefanias relies on Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986) to support her argument.

In Brown, all of the defendants were citizens of states other than Louisiana when Brown filed the action in state court in 1980, but none of them sought removal to federal court.  Id. at 480.  In 1985, Brown added additional diverse defendants, who promptly petitioned for removal to federal court.  The district court denied Brown's motion to remand, and the workers compensation insurer, an intervenor, appealed.  Id.  The Court of Appeals reversed the district court's order denying remand with instructions to remand to state court.  Id.  The Court of Appeals reasoned that removal was untimely because the case was removable the day process was served in 1980 because the original defendants were diverse.  Id. at 481.  "In the absence of waiver of the time limit by the plaintiff, or some equitable reason why that limit should not be applied, however, a defendant who does not timely assert the right to remove loses that right." Id.

Brown does not stand for the proposition that participation in the litigation in state court

constitutes a waiver.  In *dicta*, the Court of Appeals stated that "[e]ven a defendant who petitions timely may have waived its right to removal by proceeding to defend the action in state court or otherwise invoking the processes of that court."  Id.  However, the Court of Appeals indicated that the decision was based on the inaction of the original diverse defendants who had defended the case in state court for four years.  Id.

Moreover, Brown is not applicable under the facts of this case.  The case was not removable when filed, and Underwriters promptly removed the case within the time period prescribed by § 1446(b).  The motion to remand based on a waiver of the right of removal is denied.

### III. CONCLUSION

The threshold jurisdictional amount of $75,000 is satisfied, and the court has subject matter jurisdiction over Stefanias' claim.  Underwriters did not waive its right of removal, and the notice of removal was filed timely.  Accordingly, Stefanias' motion to remand is denied.

New Orleans, Louisiana, this   21st   day of May, 2007.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**