UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARIA STEFANIAS D/B/A COURT HOUSE CAFÉ, L.L.C., ON HER BEHALF, AS WELL AS OTHERS SIMILARLY SITUATED** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-1442** |
| **CERTAIN UNDERWRITERS AT LLOYD'S LONDON ET AL.** | **SECTION: "S" (1)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Certain Underwriters at Lloyd' London's motion for a new trial is **GRANTED**. (Document #7.)

**IT IS FURTHER ORDERED** that the motion to strike Maria Stefanias' motion to certify the action as a class action is **GRANTED**, and the motion is **STRICKEN**.

### I. BACKGROUND

Maria Stefanias, d/b/a Courthouse Café, L.L.C. purchased commercial property insurance through Burghardt Insurance, Inc. and John W. Fisk Company. Certain Underwriters at Lloyd's London (Underwriters), a surplus lines insurer, issued Certificate No. 64798, effective February 23, 2005. Stefanias' property was damaged by Hurricanes Katrina and Rita, and Stefanias

notified Underwriters of her claim in September 2005.  Underwriters' representative adjusted the claim in October 2005, but did not pay the claim.

Stefanias filed suit on behalf of herself and others similarly situated, in the 24th Judicial District Court, Parish of Jefferson, on July 17, 2006, alleging that Underwriters[1] breached its affirmative duty to adjust her claim fairly, in violation of La. Rev. Stat. 22:658 and 22:1220.

Underwriters removed the case to federal court based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332.  The court denied Stefanias' motion to remand the case to state court.

Prior to removal, Stefanias filed a motion to certify the class action in state court, pursuant to Louisiana Code of Civil Procedure art. 591 *et seq*.  Underwriters filed a motion to strike because the motion was filed untimely.  On February 27, 2007, the state court denied the motion.  Underwriters filed a motion for a new trial on the motion to strike Stefanias' demand for class relief.

## II. DISCUSSION

Underwriters contends that Stefanias' request for class certification is untimely because she failed to file a motion within ninety days of service of the petition on all defendants. Underwriters argues that Stefanias has not shown good cause for failure to file timely.  See La. Code Civ. Pro. art. 592.

Article 592 provides:

> A. (1) Within ninety days after service on all adverse parties of the initial pleading demanding relief on behalf of or against a class, the proponent of the

---

[1] Stefanias also named as defendants Burghardt Insurance, Inc. and John W. Fish Company.  These defendants were dismissed on March 1, 2007.

class shall file a motion to certify the action as a class action. The delay for filing the motion may be extended by stipulation of the parties or on motion for good cause shown.

(2) If the proponent fails to file a motion for certification within the delay allowed by Subparagraph A(1), any adverse party may file a notice of the failure to move for certification. On the filing of such a notice and after hearing thereon, the demand for class relief may be stricken. If the demand for class relief is stricken, the action may continue between the named parties alone.

The deadline for Stefanias to file the motion for class certification was October 29, 2006. Underwriters filed a notice of Stefanias' failure to file a motion for class certification and a motion to strike the demand for class relief on December 5, 2006, over 120 days after the last defendant was served. On December 7, 2006, 160 days after the last service, Stefanias filed a motion to certify the action as a class action. The parties have not stipulated to an extension of time, and Stefanias has not shown good cause.

Accordingly, the motion for class certification was not filed timely, and the demand for class relief is stricken.

New Orleans, Louisiana, this  22nd  day of June, 2007.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

3